

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-CV-35 |
| ) | |
| WALDEN RESOURCES, LLC; ) | |
| DANIEL F. POTTS; and ) | |
| ZTX DRILLING, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, acting at the request of the United States Coast Guard National Pollution Funds Center ("Coast Guard"), files this complaint and alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought against Defendants Walden Resources, LLC ("Walden"), Daniel F. Potts ("Potts"), and ZTX Drilling, LLC ("ZTX") pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, to recover removal costs arising from discharges of oil and/or the substantial threat of discharges of oil, into or upon the navigable waters of the United States or adjoining shorelines. The United States seeks to recover all costs incurred by the Oil Spill Liability Trust Fund ("Fund") by reason of its claim for removal costs, including interest (including prejudgment interest), administrative costs, and attorneys' fees.

## JURISDICTION, AUTHORITY, AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and Section 1017 of OPA, 33 U.S.C. § 2717.

3. Authority to bring this action is vested in the United States Department of Justice by 28 U.S.C. §§ 516 and 519 and Section 1015(c) of OPA, 33 U.S.C. § 2715(c).

4. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. §§ 1391 and 1395 and Section 1017(b) of OPA, 33 U.S.C. § 2717(b), because it is the judicial district in which Defendants conducted business and the judicial district in which the discharge occurred.

## DEFENDANTS

5. Defendant Walden is a petroleum oil distributor organized in the State of Tennessee.

6. At all times relevant to this case, Walden maintained a business at 842 Back Petros Road, Petros, Tennessee 37845.

7. Walden is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

8. Defendant Potts is a citizen and resident of the State of Tennessee

9. At all times relevant to this case, Defendant Potts was the primary owner and operator of Defendant Walden.

10. At all times relevant to this case, Defendant Potts held an individual interest in the subject well, as well as the oil and gas leases/rights to the property on which the subject well is located.

11. Potts is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

12. Defendant ZTX is an oil and gas exploration business organized in the State of Florida and registered to do business in the State of Tennessee.

13. ZTX is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

## THE OPA COST RECOVERY SCHEME FOR REMOVAL ACTIONS

14. Section 1002(a) of OPA, 33 U.S.C. § 2702(a) and (b)(1)(B), provide that "each responsible party for . . . a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters . . . is liable for the removal costs . . . that result from such incident, including any removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan."

15. Section 1001(32)(B) of OPA, 33 U.S.C. § 2701(32)(B) defines "responsible party" to include, "in the case of an onshore facility (other than a pipeline), any person owning or operating the facility, except a Federal agency, State, municipality, commission, or political subdivision of a State, or any interstate body, that as the owner transfers possession and right to use the property to another person by lease, assignment, or permit."

16. Section 1001(9) of OPA, 33 U.S.C. § 2701(9), defines the term "facility" to mean "any structure, group of structures, equipment, or device (other than a vessel) which is used for one or more of the following purposes: exploring for, drilling for, producing, storing, handling, transferring, processing, or transporting oil."

17. Section 1001(30) of OPA, 33 U.S.C. § 2701(30), defines the terms "remove" and "removal" to mean "containment and removal of oil or a hazardous substance from water and shorelines or the taking of other actions as may be necessary to minimize or mitigate damage to

3
Case 3:10-cv-00035   Document 1   Filed 01/26/10   Page 3 of 8   PageID #: 3

the public health or welfare, including, but not limited to, fish, shellfish, wildlife, and public and private property, shorelines, and beaches." Section 1001(31) of OPA, 33 U.S.C. § 2701(31), defines the term "removal costs" to include "the costs of removal that are incurred after a discharge of oil has occurred or, in any case in which there is a substantial threat of a discharge of oil, the costs to prevent, minimize, or mitigate oil pollution from such an incident."

18. Pursuant to Section 1012(a) of OPA, 33 U.S.C. § 2712(a), "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident." Subsection (b)(1)(A) provides that such removal costs include "all removal costs incurred by the United States."

19. Pursuant to Section 1015(a) of OPA, 33 U.S.C. § 2715(c), at the request of the Secretary, the Attorney General may commence an action on behalf of the Fund to recover any compensation paid by the Fund pursuant to OPA, and all costs incurred by the Fund, "including interest (including prejudgment interest), administrative and adjudicative costs, and attorney's fees."

FACTS GIVING RISE TO LIABILITY

20. On March 18, 2008, Defendant Potts was the holder of an oil and gas lease for property in Oliver Springs, Tennessee, on which is an oil well known as the Parten #5 well (the "Facility").

21. On March 18, 2008, Defendant Potts was the primary owner and operator of Defendant Walden.

4

22. As of March 18, 2008, Defendant ZTX was conducting drilling operations at the Facility under a drilling contract with Defendant Walden.

23. On March 18, 2008, at approximately 1:00 P.M., drilling operations at the Facility resulted in the discharge of oil and natural gas.

24. The Facility subsequently caught fire, and approximately 2,000 barrels of crude oil flowed into a secondary retention pond and into an unnamed tributary of Indian Creek.

25. In addition, a small amount of crude oil discharged into an unnamed tributary of Wright's Creek, a perennial stream that flows into Indian Creek, then into Poplar Creek, and eventually into the Clinch and Tennessee Rivers, which are navagable waters. The oil release also impacted the Tuckahoe Creek.

26. Indian Creek is a continuous-flowing tributary of the Poplar Creek, which in turn is a tributary of the Clinch and Tennessee Rivers, and, as such, is a "navigable water[]" pursuant to OPA, 33 U.S.C. § 2701 *et seq.*

27. Defendants Potts, Walden, and ZTX are responsible parties for the discharge pursuant to the OPA.

28. One or more of the defendants hired contractor(s) to attempt to prevent additional contamination to the unnamed tributary. The contractor(s) built berms and retention ponds to capture water that was used to fight the resulting fire and to capture oil that was not consumed by the fire.

29. During the well capture operations, several vacuum trucks operated by contractor(s) were observed extracting the oil-water solution from the containment pond and exiting the site.

At least one truck was identified as having discharged its load onto the ground away from the site.

30. Following the discharge, a substantial threat of additional discharges of oil was posed because of the condition of the Facility.

31. On or about March 22, 2008, the Environmental Protection Agency On Scene Coordinator (EPA OSC), issued a Notice of Federal Assumption to Defendant Walden and took over the spill response and cleanup.

32. The Coast Guard confirmed the discharge from the Facility into the navigable waters and the threat of a continuing discharge into those waterways and/or on the shorelines.

33. The National Pollution Funds Center, an agency of the Coast Guard charged with administering the Oil Spill Liability Trust Fund (the "Fund") for payment of removal costs pursuant to the OPA, paid removal costs of the EPA OSC and the Coast Guard.

34. As of January 4, 2010, billed removal costs, including interest, total $1,571,610.91.

35. On February 6, 2009, the NPFC sent demand letters to Defendants Walden and ZTX in the amount of $1,567,465.48.

36. Notwithstanding NPFC's demand, Defendants Walden and ZTX have failed to remit any removal costs to NPFC.

37. NPFC continues to incur costs in connection with this incident and has incurred additional costs totaling $77,592.27 from February 6, 2009 through January 4, 2010.

## FIRST CLAIM FOR RELIEF

38. Paragraphs 1 through 37 are realleged and incorporated by reference.

39. Defendants Potts, Walden, and ZTX are responsible parties of an oil spill that occurred from their "facility" within the meaning of Section 1001(24) and (31) of OPA, 33 U.S.C. § 2701(24) and (31).

40. As responsible parties for a facility from which oil was discharged and from which there existed a substantial threat of further discharges into or upon the navigable waters or adjoining shorelines, Defendants Potts, Walden, and ZTX are liable, jointly and severally, pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c), to reimburse the Fund for its payment to EPA OSC and the Coast Guard for the removal costs incurred.

41. As responsible parties for the Facility, Defendants Potts, Walden, and ZTX are liable, jointly and severally, pursuant to Section 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c), to reimburse the United States for all costs incurred by the Fund for payment of the removal costs, including interest (including prejudgment interest), administrative costs, and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enter a judgment against Defendant Daniel F. Potts and in favor of the United States for at least $1,571,610.91, plus additional costs incurred since February 6, 2009, as reimbursement to the Fund for payment of removal costs pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c).

2. Enter a judgment against Defendant Walden Resources, LLC, and in favor of the United States for at least $1,571,610.91, plus additional costs incurred since February 6, 2009, as reimbursement to the Fund for payment of removal costs pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c).

3. Enter a judgment against Defendant ZTX Drilling, LLC, and in favor of the United States for at least $1,571,610.91, plus additional costs incurred since February 6, 2009, as reimbursement to the Fund for payment of removal costs pursuant to Sections 1002(a) and 1015(c) of OPA, 33 U.S.C. §§ 2702(a) and 2715(c).

4. Award the United States all costs incurred by the Fund by reason of its payment of response costs, including interest (including prejudgment interest), accruing on $1,571,610.91 from February 6, 2009, through the date of payment; administrative costs; and attorney's fees.

5. Award the United States its costs and disbursements in this action.

6. Grant the United States such other relief as this Court deems appropriate.

Respectfully submitted,

JAMES R. DEDRICK
United States Attorney

By: *[signature]*

Suzanne H. Bauknight (BPR 019293)
Assistant United States Attorney
800 S. Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865) 545-4167
Email: suzanne.bauknight@usdoj.gov

8