UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10-CV-35 |
| ) | Judge Varlan/Shirley |
| WALDEN RESOURCES, LLC; ) | |
| DANIEL F. POTTS; and ) | |
| ZTX DRILLING, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AGREED JUDGMENT AND ORDER**

Plaintiff, the United States of America ("United States"), by the authority of the Attorney General of the United States, by and through the Acting United States Attorney for the Eastern District of Tennessee, acting at the request of the United States Coast Guard National Pollution Funds Center ("USCG"), commenced this action by filing a Complaint on January 26, 2010.

The United States filed its Complaint pursuant to the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701-2762 against Walden Resources, LLC; Daniel F. Potts; and ZTX Drilling, LLC, seeking the recovery of removal costs incurred by the USCG pursuant to OPA in response to an oil discharge or threat of an oil discharge on or about March 18, 2008, from the Parten #5 oil well ("Facility") located on Cove Lane Road in Anderson County, Tennessee, near Oliver Springs, Tennessee.

This Agreed Judgment relates solely to Walden Resources, LLC, and Daniel F. Potts ("Defendants").

1

On February 27, 2009, the United States Environmental Protection Agency ("EPA") issued a Notice of Violations/Opportunity to Show Cause concerning the discharge of oil from the Facility into navigable waters of the United States, in violation of Section 311(b)(3) of the Clean Water Act ("CWA," 33 U.S.C. §§ 1251 to 1387), 33 U.S.C. § 1321(b)(3).

The Parties agree that it is in their best interests and the public's interest to resolve this matter without further expense and litigation.

The Parties, by their respective undersigned attorneys and/or representatives, stipulate and agree as follows:

1. In settlement of the United States' civil claims under OPA, 33 U.S.C. §§ 2701 to 2762, alleged in the Complaint, and civil penalties assessible under Section 311 of the CWA, Defendants shall pay to the United States in reimbursement of removal costs under OPA and civil penalties under Section 311 of the CWA the amount of Two Hundred Sixty Eight Thousand Nine Hundred Seventy Dollars and Seventy Six Cents, ($268,970.76), plus interest. The payments will be paid as follows:

    a. $20,000 on or before June 30, 2010;

    b. $49,948.39 in principal plus $51.61 in interest on or before October 31, 2010;

    c. $49,871.17 in principal plus $128.83 in interest on or before April 30, 2011;

    d. $49,794.02 in principal plus $205.98 in interest on or before October 31, 2011;

  e.  $49,717.04 in principal plus $282.96 in interest on or before April 30, 2012; and

  f.  $49,717.04 in principal plus $282.96 in interest on or before October 31, 2012.

The payments made under Paragraphs 1.a. and 1.b. shall be designated as settlement of the civil penalties under Section 311 of the CWA. The payments made under Paragraphs 1.c. - 1.f. shall be designated as settlement of the removal costs under OPA.

  2.  Payment of the total sum required by Paragraph 1 shall constitute full settlement and satisfaction of the United States' civil claims under OPA alleged in the Complaint against Defendants for recovery of removal costs incurred in response to the Facility's discharge and of the potential civil penalty under Section 311 of the CWA. The United States reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Agreed Judgment.

  3.  Defendants hereby agree not to sue, and agree not to assert any claims or causes of action against, the United States under OPA or any other federal law or state law or regulation with respect to the discharge of oil or substantial threat of discharge of oil from the Facility, including without limitation, any direct or indirect claim for reimbursement under any provision of law for events arising out of removal activities in connection with the discharges.

  4.  Defendants shall make the above referenced payments by checks issued to the United States Treasury and delivered on or before the due dates set out in Paragraph 1 to the United States Attorney's Office, 800 Market Street, Suite 211, Knoxville, Tennessee 37902, referencing USAO file number 2010V00020 and DOJ Case No. 90-5-1-1-10025. Any payments

3

received by the United States Attorney's Office after 4:00 P.M. (Eastern Time) will be credited on the next business day.

5. If payment is not made when due, interest shall accrue at the statutory interest rate, in accordance with 28 U.S.C. § 1961, on any amount overdue. If interest is due, Defendants shall submit a statement with the payment to the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Tennessee setting forth the calculation of interest due. Personnel from the United States Attorney's Office Financial Litigation Unit will advise Defendants in the event such calculation requires adjustment.

6. In the event that Defendants fail to pay the amount specified in Paragraph 1 when due, then the United States may take enforcement action to collect the total judgment amount that is unpaid as of the time of default of Paragraph 1. In addition, if payment is not made when due, the United States reserves the right to move this Court to vacate this Agreed Judgment and reinstate this action.

7. Upon entry of this Agreed Judgment, the United States shall be deemed a judgment creditor for purposes of collection of the removal costs and agreed penalties and is hereby expressly authorized to record an Abstract of Judgment to secure a judgment lien against Defendants. Upon default of the payment provisions of Paragraph 1, the United States may enforce this Agreed Judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority.

8. Defendants shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts not paid when due under this Agreed Judgment.

4

9. This Agreed Judgment is limited to the United States' civil claims under OPA alleged in the Complaint and civil penalties under CWA, and it is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those set forth in the Complaint and the Notice of Violations/Opportunity to Show Cause, nor does it resolve any criminal liability of Defendants.

10. Nothing in this Agreed Judgment shall be construed to release Defendants or their agents, successors, or assigns from obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States' rights to obtain costs, penalties, or injunctive relief under OPA or other Federal statutes or regulations for other alleged violations not alleged in the Complaint.

11. Subject to the release provided in Paragraph 2 above, in any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Facility, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant action.

12. Execution of this Agreed Judgment does not constitute an admission of any allegation contained in the Complaint or legal and/or equitable liability of Defendants.

13. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing this Agreed Judgment.

14. There are no separate agreements or understandings with respect to this matter which have not been set forth in this Agreed Judgment.

15. Except as set forth in Paragraph 8 of this Agreed Judgment, each Party shall bear its own costs and attorney fees in this action.

16. The undersigned representative of Defendants and the United States Department of Justice certify that each is fully authorized to enter into the terms and conditions of this Agreed Judgment and to legally bind the Party she or he represents to this document.

17. If for any reason the Court should decline to enter this Agreed Judgment, this Agreement is voidable at the sole discretion of any Party, and the terms of the Agreement may not be used as evidence in any litigation between the Parties.

18. Defendant consents to the entry of this Agreed Judgment without further notice.

As stipulated and agreed to by the Parties, IT IS SO ORDERED.

ENTER this 29th day of September, 2010.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTY enters into this AGREED JUDGMENT AND ORDER in the matter of United States v. Walden Resources, LLC, *et al.* in the Eastern District of Tennessee.

FOR THE UNITED STATES OF AMERICA:

ELLEN MAHAN
Deputy Chief, Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice

HENRY FRIEDMAN
Assistant Section Chief, Environmental
Enforcement Section
Environment & Natural Resources Division
United States Department of Justice


GREGG L. SULLIVAN
Acting United States Attorney
Eastern District of Tennessee

By: _____
    Suzanne H. Bauknight (#19293)
Assistant United States Attorney
800 S. Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865) 545-4167
Email: suzanne.bauknight@usdoj.gov

7

THE UNDERSIGNED PARTY enters into this AGREED JUDGMENT AND ORDER in the matter of United States v. Walden Resources, LLC, *et al.* in the Eastern District of Tennessee.

FOR WALDEN RESOURCES, LLC

By: *(signature)* Daniel F. Potts

Its: CHIEF MANAGER


FOR DANIEL F. POTTS

*(signature)*
Daniel F. Potts


COUNSEL FOR WALDEN RESOURCES, LLC and DANIEL F. POTTS

*(signature)*
George H. Buxton, III (BPR #00800)
Buxton Law Firm
31 E. Tennessee Avenue
Oak Ridge, TN 37830
(865) 482-4920
info@BuxtonLawFirm.com

8